### ALBERT L. MURDOCK *vs.* JOSIAH CALDWELL.

An averment in a declaration that the defendant has disabled himself from performing a contract does not show with sufficient legal certainty that he has not performed it.

A contract by which B. agrees to deliver to A., upon the formation of a certain corporation, a certain amount in the stock of the same, " at *pro rata* of $250,000 valuation," and A., in consideration of the delivery of said stock, agrees to sell and collect a certain amount of the stock, upon the above valuation, does not imply that the capital stock shall be limited to the amount named, nor does the organization of a corporation with a larger capital stock disable A. from performing his part of the contract.

CONTRACT. After the decision of this case reported in 8 Allen, 309, sustaining a demurrer to the declaration, the plaintiff filed the following amended declaration:

" And the plaintiff says that the defendant was about to establish a corporation by the name of the Lorberry Coal Company,

and was desirous of procuring subscriptions for the capital stock of said company and a sale of said stock, and in consideration that the plaintiff would obtain subscriptions for said stock and sale thereof, to the amount of fifty thousand dollars, and would also cancel an agreement made by the defendant with the plaintiff for a sale of certain other stock in the Franklin Coal Company, the defendant promised that, upon the formation of said Lorberry Coal Company, and when the certificates of stock in said company were issued, and upon the sale by the plaintiff of fifty thousand dollars of said stock, upon the valuation of two hundred and fifty thousand dollars for the whole stock of said company, and upon collection of payment for said stock, the defendant would deliver to the plaintiff thirty-five thousand dollars in said stock, at the valuation aforesaid, being at the rate of one hundred dollars per share for twenty-five hundred shares. And the plaintiff further says that the defendant signed a memorandum of the contract between them, a copy whereof is annexed, and delivered the same to the plaintiff, and the plaintiff accepted the same and promised to procure and afterwards did procure the subscriptions and made sale of said stock to the amount of fifty thousand dollars, at the valuation aforesaid, and was ready to perform the contract on his part at and before the time fixed in said memorandum. And the plaintiff further says that, after he was ready to perform said contract on his part, the defendant notified him in writing not to sell over twenty-five thousand dollars worth of said stock in all, nor to sell any of said stock at less than seventy-five dollars per share, at a par value of one hundred dollars a share for four thousand shares; and the defendant further notified and informed the plaintiff in writing that he had arranged to sell all his, the defendant's, stock in said company, except twenty-five thousand dollars thereof in value. And the plaintiff further says that afterwards said coal company was formed, and the defendant caused the stock thereof to be expanded from twenty-five hundred shares at a par value in the whole of two hundred and fifty thousand dollars, to four thousand shares at a par value of four hundred thousand dollars. And the plaintiff further says that said

Lorberry Coal Company was organized and the certificates of stock therein issued, but upon a much larger valuation than twenty-five hundred shares, at one hundred dollars per share. And the plaintiff further says that, by the acts aforesaid of the defendant, the defendant disabled himself from performing his said contract, and prevented the plaintiff from performing the same and the plaintiff also says, by the formation of said company upon a larger valuation of its stock than that provided for by said contract, he has been prevented from performing the same."

(Copy of Contract.)

"Boston, May 23, 1863. I do hereby agree to deliver to Albert L. Murdock, upon the formation of the Lorberry Coal Company, when the certificates are issued, thirty-five thousand dollars in the stock of said company, at *pro rata* of $250,000 valuation; and he does, in consideration of the delivery of said stock, agree to sell and collect $50,000 of said stock upon the value above referred to, viz. $250,000; and he is to receive a reduction *pro rata* from said $35,000, if he falls short of that amount, $50,000, in cash subscriptions; this stock to be sold and paid for by 25th of June 1863, if the company is formed by that date. Josiah Caldwell."

The defendant filed a demurrer, assigning various special causes; and the case was reserved for the determination of the whole court.

*C. W. Huntington*, for the defendant.

*W. S. Leland*, for the plaintiff.

CHAPMAN, J. The original declaration having been held bad on demurrer, (see 8 Allen, 309,) a new declaration has been filed, and this is also demurred to. A copy of the contract is annexed to the new declaration, and new averments are made in respect to it.

A defect of this declaration which is apparent at first sight is, that it does not allege a breach of contract by the defendant. It alleges that he disabled himself from performing it, and prevented the plaintiff from performing it on his part. From this it might be inferred that the defendant did not perform; but

allegations in pleading must be direct, and are bad if they depend on mere inference. This however is not one of the most material causes of demurrer, and might be cured by amendment. Other causes involve the cause of the action itself, and make it necessary to construe the contract declared on.

The obscurity of the phraseology which the parties have selected embarrasses us in our attempts to construe the contract, and must have been embarrassing to the pleader in framing his declaration. As we understand the contract, it contains four distinct clauses. The first clause contains a general statement of the compensation which the plaintiff was to receive. It was to be a certain proportion of the whole capital stock of the company, but we do not think it stipulates for a limitation of the whole capital stock to the sum of two hundred and fifty thousand dollars. The second clause states the service which the plaintiff was to perform. We do not understand that clause to stipulate for any limitation of the capital stock; but it states what proportion of the whole stock the plaintiff might sell. The third clause fixes his compensation if his sales should not be equal to the amount mentioned in the second clause. The fourth clause limits the time within which the sales were to be made.

Our practice requires that a declaration shall state the substantive facts necessary to constitute the cause of action with substantial certainty. In this case, the consideration of the defendant's contract is the executory contract of the plaintiff. In declaring on such a contract at common law, it was necessary for the plaintiff to aver performance on his part, or a readiness to perform, together with a statement of facts which would constitute a legal excuse for non-performance, and generally the offer to perform or notice to the defendant. 1 Chit. Pl. 351, *et seq.* These being matters of substance, the averments are as necessary now as they were before the statute.

In this case the plaintiff's agreement was not only to sell stock, but to collect the pay for it. The declaration does not allege that he performed this contract, or offered to perform it, or gave notice of readiness to perform it; nor does it set forth any facts which constitute a legal excuse for non-performance. The

excuse alleged is, that the company fixed their capital stock at a larger sum than $250,000. But by our construction of the contract such an act was not in violation of the contract or inconsistent with it, and therefore did not constitute a valid excuse. The allegation that this act disabled the plaintiff from performing the contract is founded upon a misconstruction of the contract. This point seems to be decisive of the merits of the case, and it is not necessary to discuss the other points which have been argued.                                    *Demurrer sustained.*